## WILSON, et ux v. CITY OF CLEARWATER.

No. 12035.

Circuit Court, Pinellas County.

January 26, 1970.

146

Robert W. Wilson, Clearwater, for petitioners.

Herbert M. Brown and Morris S. Gould, both of Clearwater, for the respondent.

CHARLES R. HOLLEY, Circuit Judge.

This case comes before this court as a strict common law certiorari despite the language contained in chapter 176, Florida Statutes, which would be applicable because respondent is a municipality. Counsel have argued the case on the record and have not requested de novo proceedings in this court.

I have read all of the cases cited to me by counsel and to the best of my belief I have read all of the Florida and some of the

federal cases on the subject. I have attempted, but in some respects have been unable, to reconcile the precedents, and this opinion will to some extent cut across some of the prior holdings of Florida appellate courts.

Zoning determinations should be made by local bodies constituted for that purpose and should not be made by the courts. De novo proceedings before the courts are inappropriate. On the other hand, the courts have a duty to enforce the constitutional provisions relative to due process and the taking of private property and equal protection and should in appropriate cases determine whether the deprivation of use of property occasioned by zoning is necessary or desirable because of public health, safety, welfare or morals. Any other view would be tantamount to allowing the zoning authorities to exercise their powers in such a way as to unconstitutionally deprive persons of their rights to use their private property without any practical appeal to the judicial system.

In zoning, we are dealing with two activities. One is the legislative act establishing the required overall plan and zoning classifications, and the other is the activity whereby a particular parcel of property is determined to fall within a particular classification. These are totally separate and distinct functions.

Zoning of private property is a restriction on its use and therefore a restriction on the liberty of the owner thereof. It can be justified as a proper governmental activity only as an exercise of the police power of the state to necessarily and reasonably restrict such liberty for the general public's health, safety, welfare or morals. There must be some reasonable relationship between the zoning activity and public health, safety, welfare or morals; otherwise, such restriction on the use of property constitutes taking the same without compensation and without substantive due process. It matters not that the owner may use the property for some purposes and is not entirely deprived of the use thereof. To hold otherwise would be to hold that the state can take a portion of a person's property without due process and without just compensation and is only restrained from taking it in its entirety. Any deprivation of any use of private property must have a sound basis of necessity in public health, safety, welfare and morals.

All exercises of the police power must be with consideration to the constitutional provisions relative to equal protection of the laws. The laws are to apply equally to all persons, but, this does not prohibit the grouping of persons or their property into reasonable classifications. Obviously there may be restrictions on a person's use of his property by classification, provided that the classifications

are reasonable and that the law applies equally to all of the property in any one classification.

Actions creating zoning plans and classifications are similar to legislative acts establishing felons, or minors or incompetents. Establishing zoning classifications and the associated acts are exercises of the police power requiring reasonableness with relation to public health, safety, welfare and morals. These acts require no particular notice to any particular property owner or any particular hearing as to any particular property owner. These are legislative functions. Reasonableness or unreasonableness is relevant when court inquiry is as to the legislative function in the exercise of the police power in establishing the classifications, and the "fairly debatable" concept is applicable. Also in this legislative category are those zoning ordinances or statutes (such as sign and height) applying with equal force to all persons and property within the geographical ambit of the enacting authority.

The zoning authority ultimately must determine whether parcel A, which is adjacent to parcel B, falls under zoning classification X, Y or Z. The zoning authority is not creating the zoning for parcel A but is determining the facts with relation to parcel A which dictate that parcel A falls within a zoning classification already created. This determination is analogous to a determination as to whether John Doe is a felon, or an incompetent or a minor. This determination results in either depriving the property owner of his right to use the property for some purposes or the restoration of his right to use the property for other purposes. Procedural due process requires notice and hearing before an owner of property is deprived of some of its use through such a proceeding. This is a quasi-judicial hearing. The combination of due process and equal protection of the laws requires that taking the liberty of a person be accomplished only in a judicial proceeding establishing that the person is in a particular classification created by reasonable exercise of the police power. And the action of the zoning authority must be based upon the evidence offered at the hearing. Otherwise the hearing is an empty procedure replete with the clashing of cymbals but of no meaning whatever. Certainly the requirement that there be a hearing and that the person affected have an opportunity to be heard means something more than that the zoning authority will politely listen and then completely ignore the evidence before it; otherwise the due process provision of the constitution is a nullity.

It follows that a zoning authority having before it consideration of the zoning of a particular parcel of property must base its determination on the facts properly before it with relation to that

property as they exist at that time and apply to those facts the legal standard for all use zoning. These facts must be properly brought before the zoning authority in the same manner as before any other fact-finding, quasi-judicial body, and the determination by the zoning authority is limited completely by the evidence or lack of it. The standard to which the facts are to be applied is to put the land to the uses to which it is best adapted consistent with the required overall plan to promote the general public's health, safety, welfare and morals. In this respect the relative numbers of various members of the public for or against any particular zoning determination are totally irrelevant and should not be permitted to be brought to the attention of the zoning authorities unless proper predicates are first laid for the opinions of such persons, but a view of the property is appropriate.

With respect to the classification of any particular parcel, the usual rules of appellate review are applicable when the question is brought to court. If the proper legal standard is used and the determination by the zoning authority is based upon substantial, competent evidence and there has been no violation of procedural law or procedural due process, such determination must be sustained by the court.

Quite a number of years ago at the time of the adoption of the original zoning regulations of the city of Clearwater the property involved here was put into the classification of multiple dwelling. At the time of the hearing before the city commissioners in 1968 upon the application of the owners to change the classification from multiple dwelling to commercial, the city zoning department stated that in its opinion the property should be zoned professional and related services, a more liberal classification than multiple dwelling. The owners contended the zoning should be commercial. There was no evidence whatever that the zoning should be multiple dwelling. At the conclusion of the hearing, without further ado the city commissioners adopted a resolution declining to do anything; this left the property with the classification of multiple dwelling.

There is absolutely no evidence whatever in the record to support the determination by the respondent to leave the zoning classification for the property as it is. There is substantial evidence in the record that the present zoning classification is incorrect. The refusal of petitioners to agree to a zoning classification more restrictive than applied for by them does not excuse the respondent from failing to act. The presumption of the continuing validity of the prior zoning determination ceased to exist on the testimony of respondent's expert; slight evidence will destroy the presumption,

and the source of such evidence is irrelevant. Upon the presumption's falling there was no zoning of the property and there arose an affirmative duty to act.

Applying the law the court finds itself in a position where it must either remand the case to the city of Clearwater for appropriate action or, in effect, re-zone the property itself. The court is extremely reluctant to re-zone the property unless the zoning authority refuses to properly do so, making it absolutely necessary for the court to take action.

It is thereupon ordered and adjudged that the resolution referred to in the petition adopted by the city of Clearwater on November 25, 1968 be and the same is hereby declared void.

It is further ordered and adjudged that a future hearing be had with reference to the application of petitioners for re-zoning and that the zoning of the subject property be determined by the city commission in accordance with evidence properly adduced at such hearing.

It is further ordered and adjudged that this order shall not have the effect of removing all zoning restrictions from the subject property, but the use of said property shall be restricted for multiple family use pending further action of the zoning authority or this court; and this court retains jurisdiction of this cause for the purpose of taking such action as may be necessary to enforce the provisions hereof.